UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STATE FARM AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                                                                                          Case No. 19-10669

MICHAEL ANGELO, ORTHOPEDIC
P.C., MUHAMMAD S. AWAISI, M.D.,
SAM HAKKI, M.D., REESE J. JAMES,
D.O., CHITRA SINHA, M.D.,
MERCYLAND HEALTH SERVICES,
P.L.L.C, US HEALTH
PHARMACEUTICALS, LLC
d/b/a MEDS DIRECT, and TOX
TESTING, INC.,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO QUASH**

Plaintiff State Farm Automobile Insurance Company sues alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), common law fraud, and unjust enrichment. (ECF No. 1, PageID.55-63.) In pursuit of those claims, Plaintiff served a subpoena on non-party, Google, LLC ("Google"), requesting disclosure of specific information from the emails of Defendants US Health Pharmaceuticals, LLC, Michael Angelo, and Tox Testing, Inc. (collectively herein referred to as "Defendants"). (*Id.* at PageID.686.) Pending now is Defendants' "Motion to Quash Plaintiff's Notice of Non-Party Subpoenas." (ECF No. 57.)

Defendants allege the emails contain confidential information protected under work-product doctrine because Plaintiff would gain access to the identity and email

addresses of witnesses with whom Defendants' counsel is communicating. (*Id.*) Plaintiff argues the subpoena requests only a narrow set of information that is not protected from disclosure by the work-product doctrine. (ECF No. 58, PageID.788.)

The motion has been fully briefed, and the court concludes a hearing is unnecessary. E.D. Mich. R. 7.1(f)(2). (ECF Nos. 58, 59.) For the reasons stated below, the court will deny Defendants' motion.

## I. BACKGROUND

Plaintiff initiated this lawsuit on March 6, 2019 against nine Defendants[1] alleging RICO violations, common law fraud, and unjust enrichment; Plaintiff also seeks a declaratory judgment. (ECF No. 1, PageID.55-63.) The complaint revolves around allegations that Defendants participated in an illegal scheme to provide unnecessary medical services and prescribe unnecessary medication, specifically opioids. (*Id.* at PageID.29-33.)

In March 2020, Plaintiff filed a Notice of Non-Party Subpoenas on several entities, including Google. (ECF No. 58-13.) The subpoena in question requests that Google provide specific information from Defendants' email accounts (Gmail), including the date/time and to/from fields of email communications. (ECF No. 58, PageID.796.) The subpoena requests "[a]ll usage records and metadata, including date, time, and To/From fields (if documents contain such fields), for all communication sent or received by [Defendant] Angelo during the relevant period, including but not limited to accounts MAngelo3362@gmail.com and MarketingWiz33@gmail.com." (ECF No. 58-13,

---

[1] The instant motion is brought on behalf of only three Defendants, Michael Angelo, US Health Pharmaceuticals, and Tox Testing.

2

PageID.1073.) The subpoena repeated the same request for Defendants Mercyland Health Services, P.L.L.C., US Health Pharmaceuticals, Tox Testing, Sinha, and Awaisi. (*Id.* at PageID.1073-74) The subpoena seeks all responsive documents from January 30, 2012 to the present. (*Id.*)

Plaintiff argues that the subpoena requests only a narrow set of factual information that is discoverable under Federal Rule of Civil Procedure 26. (ECF No. 58, PageID.788, 798.) Defendants argue that the work product doctrine protects the information requested because it reflects the existence and timing of communication between Defendants, lawyers, and third parties, including consulting experts or potential witnesses. (ECF No. 57, PageID.686-87.)

On April 8, 2020, Defendants filed a "Motion to Quash Plaintiff's Notice of Non-Party Subpoenas." (ECF No. 57.) They assert that an order to quash is necessary to protect their confidential information from Plaintiff because the emails reflect the attorney's thought process, the type of witnesses he will reach out to, and the kind of experts he seeks to consult in anticipation of litigation. (*Id.* at 696.)

## II.  STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discoverable information itself need not be admissible evidence. *Id.* "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Discovery "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Examples of areas off limits to discovery include those "that [are] relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information is otherwise relevant to issues in the case." *Lewis*, 135 F.3d at 402. "The party seeking to quash a subpoena bears a heavy burden of proof." *Smith v. Sears, Roebuck and Co.*, No. 08-CV-15021, 2009 WL 1508334, at *2 (E.D. Mich. May 29, 2009) (Majzoub, Mag. J.).

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation . . . . [E]ither party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Furthermore, "[w]here relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." *Id.* at 511. But discovery has "ultimate and necessary boundaries"; Rule 26(b) provides discovery limits. *Id.* at 507; Fed. R. Civ. P. 26(b). Courts must balance the "right to discovery with the need to prevent fishing expeditions." *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009).

Specifically, "the work product doctrine provides . . . a qualified protection against discovery, at least of products other than 'the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.'" *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 660 (6th Cir. 1976) (quoting *Duplan Corp. v. Moulinage Retorderie de Chavanoz*, 487 F.2d 480, 485 (4th Cir. 1973)). The work product doctrine protects "(1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; (3) by or for another party or its

4

representative." *In re Prof'ls. Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009) (quoting Fed. R. Civ. P. 26(b)(3)(A)).

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires courts to quash or modify a subpoena that "requires disclosure of privileged or other protected matter."

### III. DISCUSSION

Defendants argue the non-content header information included in Plaintiff's subpoena contains confidential and privileged information. While protected matter need not be disclosed, the requested non-content header information here, including the date, time, and to/from fields from Defendants' Gmail accounts, is not protected information. (ECF No. 58-13.)

Plaintiff does not seek to disclose the content of any "documents [or] tangible thing[] . . . prepared in anticipation of litigation." *In re Prof'ls. Direct Ins. Co.*, 578 F.3d at 438; Fed. R. Civ. P. 26(b)(3)(A). It requests merely basic identifying information for emails Defendants sent to third parties or other Defendants. (ECF No. 58-13, PageID.1073-74.) That data is relevant because the third parties may be connected to alleged illegal activity that forms the basis of Plaintiff's claims, and timing of messages may shed light on any illegal scheme or conspiracy Defendants may have been involved in. *Oppenheimer Fund, Inc.*, 437 U.S. at 351. (ECF No. 1, PageID.55-63; ECF No. 58, PageID.797.) Such information is limited, and the requests are narrow; they do not touch upon "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Leggett & Platt, Inc.*, 542 F.2d at 660; Fed. R. Civ. P. 26(b)(3)(B).

The information Plaintiff requests in its subpoena is not confidential, privileged, or work product, and the court will not quash the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(iii); *In re Prof'ls. Direct Ins. Co.*, 578 F.3d at 438; *Leggett & Platt, Inc.*, 542 F.2d at 660.

The court's analysis conforms with other decisions from this district. In *Systems Products & Solutions, Inc. v. Scramlin*, the court denied a defendant's motion to quash a subpoena which sought "the production of the metadata for the emails, which would include the sender's name, recipient's email address, date, and subject line." No. 13-CV-14947, 2014 WL 3894385, at *6 (E.D. Mich. Aug. 8, 2014) (Goldsmith, J.). While the court held that the subpoena was too broad because it requested the content of emails, it modified the subpoena to require only discovery of the metadata. *Id.* at *8. Likewise, in this case the subpoena in question, bereft of any request for content, is valid and not overly broad. Fed. R. Civ. P. 45(d)(3)(A)(iii).

In *Ajuba International, LLC v. Saharia*, the plaintiff served a subpoena on Google seeking non-content header information from a defendant's personal Gmail account, and while the defendants initially objected, they eventually agreed that the information would be produced. No. 11-CV-12936, 2014 WL 12659598, at *1 (E.D. Mich. Sept. 25, 2014) (Majzoub, Mag. J.). Further, because the defendants initially did not provide the non-content header information, the court "recommend[ed] awarding [the] [p]laintiffs the reasonable attorney fees and costs incurred in . . . preparing, serving, and advocating for the Google subpoena." *Id.* at *3.

Like the non-content header information that the defendants delivered to the plaintiffs in *Ajuba International*, the non-content header information here should be provided. (ECF No. 58-13, PageID.1073-74.) "Where relevant and non-privileged facts

6

remain hidden in an attorney's [or any other person's] file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." *Hickman*, 329 U.S. at 511. The non-content header items sought here do not include privileged facts that fall under the work product doctrine; they may be properly subpoenaed. *In re Prof'ls. Direct Ins. Co.*, 578 F.3d at 438.

Finally, in *State Farm Mutual Automobile Insurance Co. v Hawkins*, the court analyzed the contents of some one hundred and thirty emails to determine which messages included work product or other privileged communication. No. 08-10367, 2010 WL 2813327, at *3 (E.D. Mich. Jul. 14, 2010) (Cleland, J.). To do this, the court read and analyzed the substance of the communications in the bodies of emails. *Id.* Here, Plaintiff is requesting no content but only metadata that describes basic characteristics of emails, e.g., senders and recipients. (ECF No. 58-13, PageID.1073-74.) Defendants' motion to quash will be denied.

### IV. CONCLUSION

Defendants have not shown that the information Plaintiff requests is privileged or otherwise protected. Neither does the data Plaintiff seeks constitute work product. Accordingly,

IT IS ORDERED that Defendants' "Motion to Quash Plaintiff's Notice of Non-Party Subpoenas" (ECF No. 57) is DENIED.

s/Robert H. Cleland        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10669.ANGELO.MotiontoQuash.BC.RMK.RHC.docx