# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

          Plaintiff,

v.                                    Case No. 19-10669

MICHAEL ANGELO,
*et al.*,

          Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff State Farm Mutual Automobile Insurance Company brings this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), common law fraud, and unjust enrichment. (ECF No. 1, PageID.55-63.) The complaint was filed on March 6, 2019, and the parties have participated in discovery since October 2019. (*See* ECF No. 45.)

On September 9, 2020, Defendants Michael Angelo, Tox Testing, Inc., and US Health Pharmaceuticals, LLC moved for judgment on the pleadings. (ECF No. 69.) Plaintiff has filed a response. (ECF No. 74.) The court has reviewed the record and does not find a hearing necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, Defendants' motion will be denied.

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020);

*accord JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). "[The] complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plaintiff must present "more than labels and conclusions." *Twombly*, 550 U.S. at 545. "[A] formulaic recitation of a cause of action's elements will not do." *Id.*

The court may not consider matters outside the pleadings. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502-03 (6th Cir. 2006). However, the court may rely on "documents incorporated into the complaint by reference . . . and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider "a document that is not formally incorporated by reference or attached to a complaint" when "[the] document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Defendants' primary argument is that their relationships with Plaintiff are entirely governed by contract. They point to Michigan laws which regulate automobile insurance contracts, such as requirements that an insured submit a proof of loss, and Plaintiff's

allegations that Defendants filed fraudulent medical bills through insurance policies. (ECF No. 69, PageID.3169-70, 3172-73.) However, the complaint does not allege the existence of contracts or contractual duties between Plaintiff and Defendants. No breach of contract claim is brought, and a contract is not attached to the pleadings. An agreement is also not "central" to Plaintiff's claims under RICO, fraud, and unjust enrichment. *Greenberg*, 177 F.3d at 514.

Defendants rely on alleged contractual duties which are not asserted in the pleadings. *See Max Arnold & Sons, LLC*, 452 F.3d at 502-03. The existence of the agreements, their scope and terms, and whether they apply to the complex billing schemes alleged in the complaint are factual inquiries the court will not undertake. *See Ashcroft*, 556 U.S. at 678.

Defendants also claim that Plaintiff has not adequately pled proximate cause for its RICO claims. (ECF No. 69, PageID.3183-85.) They first argue the alleged damages arose out of the performance of contracts. (*Id.*, PageID.3185.) However, as described above, the court will not make factual findings and bind the parties to contracts outside the pleadings. Second, Defendants argue the number of patients and injuries alleged is too large to support causation. (*Id.*) However, the court need only "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft*, 556 U.S. at 678, and Defendants cite no authority for the contention that the sheer number of alleged acts by itself bars causation.

Finally, Defendants argue that because Plaintiff has not otherwise presented a valid claim, Plaintiff may not seek a declaratory judgment under 28 U.S.C. § 2201. (ECF No. 69, PageID.3186.) Because the court rejects Defendants' arguments in regard to

Plaintiff's substantive claims, Plaintiff's request for declaratory judgment does not fail as a matter of law. Accordingly,

IT IS ORDERED that Defendant's "Motion for Judgment on the Pleadings" (ECF No. 69) is DENIED.

        s/Robert H. Cleland        /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 7, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 7, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10669.ANGELO.MotionforJudgmentonthePleadings.RMK.docx