**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

           Plaintiff,

v.                                       Case No. 19-10669

MICHAEL ANGELO,
*et al.*,

           Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

Plaintiff State Farm Mutual Automobile Insurance Company brings this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), common law fraud, and unjust enrichment. (ECF No. 1, PageID.55-63.) Plaintiff, an automobile insurance company, alleges Defendants submitted fraudulent bills for medically unnecessary services and prescriptions. (*Id.*, PageID.2, 4, 54.) The case began in March 2019, and discovery was initiated in October 2019. (ECF No. 45.)

Plaintiff has filed a motion to compel Defendants Michael Angelo, US Health Pharmaceuticals, and Tox Testing, Inc., to comply with discovery. (ECF No. 68.) In the motion, Plaintiff asks that the court order Defendants produce full and complete answers to Plaintiff's second set of interrogatories, produce all documents responsive to Plaintiff's first and second set of requests for production, and execute certificates of search. (*Id.*, PageID.2020.) Plaintiff seeks business communications made through email and text messages, financial and patient records, and information on a forensic

expert hired by Defendants. (*Id.*, PageID.2013-19.) Defendants have filed a response and Plaintiff has replied. (ECF Nos. 70, 72.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Plaintiff's motion will be granted.

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discoverable information itself need not be admissible evidence. *Id.* "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Discovery "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Examples of areas off limits to discovery include those "that [are] relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information is otherwise relevant to issues in the case." *Lewis*, 135 F.3d at 402. Federal Rule of Civil Procedure 37(a)(1) allows a party to "move for an order compelling disclosure or discovery" of relevant information.

The documents and responses Plaintiff requests are entirely relevant to its claims. Fed. R. Civ. P. 26(b)(1). The emails and text messages are business communications that could demonstrate whether or not Defendants coordinated among themselves and others to solicit potential clients, provide unnecessary medical services, and submit fraudulent insurance bills. (ECF No. 68, PageID.2013; *e.g.*, ECF No. 68-2, PageID.2045.) The financial records may evince payments between Defendants and

others to further the alleged scheme; they may also show the extent to which Defendants allegedly defrauded Plaintiff or profited from the conspiracy. (ECF No. 68, PageID.2016-17; *e.g.*, ECF No. 68-2, PageID.2048.) Tax returns could assist in this inquiry as well. Patient records, including medical records, are directly relevant to proving whether Defendants provided unnecessary medical services and prescriptions. (ECF No. 68, PageID.2018; *e.g.*, ECF No. 68-2, PageID.2046.)

Defendants have hired a forensic expert to "preserve, backup, and retrieve documents for production purposes." (ECF No. 70, PageID.3595.) Plaintiff's second set of interrogatories and second set of requests for production seek additional information as to Defendants' efforts to preserve relevant data. (ECF No. 68-23, PageID.2534, 2542.) These interrogatories and requests for production are relevant and go to whether Defendants took adequate precautions to preserve evidence central to Plaintiff's claims, including business communications and financial transactions. Fed. R. Civ. P. 26(b)(1). Defendants did not respond to most of the requests and provided an affidavit of a forensic expert that was prepared for a different lawsuit. (ECF No. 68-26, PageID.2564-65.) The affidavit mentions different defendants and a different plaintiff. (*Id.*)

Plaintiff argues that Defendants did not provide a declaration or opinion from the expert on "whether Defendants have destroyed any documents, emails, and/or ESI." (ECF No. 68, PageID.2011.) While this was not specifically asked in Plaintiff's interrogatories or requests for production, the information, like Plaintiff's other inquiries into the expert's preservation efforts, is nonetheless relevant and must be provided. Fed. R. Civ. P. 26(b)(1).

3

Plaintiff asks that Defendants sign certificates of search, stating under penalty of perjury that Defendants conducted complete and comprehensive searches of relevant records. (ECF No. 68, PageID.2019-20.) There is some indication Defendants have evaded discovery in the past. Plaintiff subpoenaed Google and retrieved the metadata of Defendants' email accounts. (ECF No. 68, PageID.2006.) The metadata show that Defendants have produced only a fraction of their email communications. (*Id.*; ECF No. 68-43, PageID.2912.) Defendant Angelo produced approximately 4% of his emails. (ECF No. 68, PageID.2006; ECF No. 68-43, PageID.2912.) Thus, the court will grant Plaintiff's request and require that Defendants sign the certificate of search attached to Plaintiff's motion, (ECF No. 68-29), when they respond to Plaintiff's interrogatories and requests for production.

Defendants present several arguments in opposition to Plaintiff's motion. They argue that the communications Plaintiff seek are overly broad and may encompass patients covered by other insurers. (ECF No. 70, PageID.3614-15.) However, Plaintiff alleges Defendants engaged in a wide-ranging scheme to defraud Plaintiff and submit false medical bills. (ECF No. 1, PageID.2, 29-34.) Information that may shed light on whether a conspiracy existed and how it operated is relevant and discoverable. Fed. R. Civ. P. 26(b)(1). As Plaintiff convincingly argues, communications and patient data, regardless of the insurer, could help show "the existence and scope of the fraud scheme; the operation of the predetermined treatment protocol; and the role of each participant in the scheme." (ECF No. 72, PageID.4396.)

Defendants cite Michigan's "one-year-back rule" for no-fault insurance claims to argue that discovery relating to a service performed over a year ago is irrelevant. (ECF

4

No. 70, PageID.3614.) There does exist such a rule; it "limit[s] the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v. Auto Club Ins. Ass'n*, 491 Mich. 200, 203 (2012); *see* Mich. Comp. Laws § 500.3145(1). Defendants' argument, however, is misplaced since Plaintiff brings no claim under Michigan's no-fault insurance laws, but only under RICO, fraud, and unjust enrichment. (ECF No. 1, PageID.55-63.) "[T]he one-year-back rule applies only to actions brought under the no-fault act." *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 407 (2008).

Plaintiff seeks compensation for reasonable expenses incurred in filing its motion. (ECF No. 68, PageID.2020.) Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." "The award of costs is the norm, rather than the exception." *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 220 (W.D. Mich. 2018).

The court "must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified [or] . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Opposition to discovery is "substantially justified" if "reasonable people could differ as to the appropriateness of the . . . action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The losing party has the burden of persuasion that an award of costs is not justified. *See* 8B Charles Alan Wright

5

& Arthur R. Miller, Federal Practice and Procedure § 2288 (3d ed. 2020); *Martinez*, 325 F.R.D. at 220.

Plaintiff's interrogatories and requests for production sought obviously relevant information, and Defendants provided minimal or no relevant response. For instance, Defendant Angelo produced approximately 4% of his email communications. (ECF No. 68, PageID.2006; ECF No. 68-43, PageID.2912.) Defendants did not respond to Plaintiff's request for information of Defendants' forensic expert, submitting only an affidavit prepared for another lawsuit. (ECF No. 68-26, PageID.2564-65.) As Plaintiff explains, Defendants have produced "no ledgers, no journals, no bank reconciliations, no statements of expenses, no balance sheets, and no income statements," despite Plaintiff's repeated requests for financial documents. (ECF No. 72, PageID.4397; *e.g.*, ECF No. 68-2, PageID.2047-48.) Further, in their response to Plaintiff's motion, Defendants admit that they entirely "overlooked . . . Plaintiff's Second Set of Interrogatories," and provided no responses by the time Plaintiff's motion was filed. *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring the payment of costs "if the disclosure or requested discovery is provided after [a] motion [is] filed"). (ECF No. 70, PageID.3603.)

Plaintiff requested costs in its motion, (ECF No. 68, PageID.2020), and Defendants chose not to substantively address it. The court finds that Defendants' opposition to discovery was not substantially justified, and an award of costs would not be unjust. Fed. R. Civ. P. 37(a)(5)(A). The court will order Plaintiff to file a bill of costs and account for its reasonable expenses, including attorney's fees, incurred in the filing of the motion to compel. Fed. R. Civ. P. 37(a)(5)(A). Defendants will have the opportunity to respond to Plaintiff's calculations of cost. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Compel" (ECF No. 68) is GRANTED. Defendants Angelo, US Health Pharmaceuticals, and Tox Testing, Inc., are DIRECTED to produce full and complete answers to Plaintiff's second set of interrogatories, produce all documents responsive to Plaintiff's first and second requests for production of documents, and execute certificates of service in the form attached to Plaintiff's motion (ECF No. 68-29) by **December 14, 2020.**

IT IS FURTHER ORDERED that Plaintiff file a bill of costs by **November 19, 2020**. Defendants Angelo, US Health Pharmaceuticals, and Tox Testing, Inc., may file briefs responsive to Plaintiff's calculations of cost by **November 26, 2020**.

        s/Robert H. Cleland                /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 12, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner                    /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10669.ANGELO.MotiontoCompel.RMK.RHC.docx