# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

          Plaintiff,

v.                                            Case No. 19-10669

MICHAEL ANGELO,
*et al.*,

          Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO COMPEL**

Plaintiff State Farm Mutual Automobile Insurance Company brings this action alleging violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), and state law torts of common law fraud and unjust enrichment. (ECF No. 1, PageID.55-63.) Plaintiff, an automobile insurance company, alleges Defendants submitted fraudulent bills for medically unnecessary services and prescriptions. (*Id.*, PageID.2, 4, 54.) The case began in March 2019, and discovery was initiated in October 2019. (ECF No. 45.)

Defendants Michael Angelo, Tox Testing, Inc., and US Health Pharmaceuticals, LLC, move to compel Plaintiff to engage in discovery. (ECF No. 81.) Specifically, Defendants ask that Plaintiff produce "the insurance contracts or policies that are directly related to the very insureds/patients that are the subject matter of this litigation." (ECF No. 81, PageID.4630.) Plaintiff has filed a response and Defendants have replied. (ECF Nos. 87, 92.) The court has reviewed the record and does not find a hearing to be

necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, Defendants' motion will be denied.

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discoverable information itself need not be admissible evidence. *Id.* "The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Discovery "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Examples of areas off limits to discovery include those "that [are] relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information is otherwise relevant to issues in the case." *Lewis*, 135 F.3d at 402. Federal Rule of Civil Procedure 37(a)(1) allows a party to "move for an order compelling disclosure or discovery" of relevant information.

Plaintiff, a no-fault automobile insurance company, alleges Defendants submitted bills for unnecessary and non-existent medical services. (ECF No. 1, PageID.2.) Pursuant to terms of insurance policies, Plaintiff allegedly paid Defendants for the fraudulent services. (*Id.*, PageID.2, 5.) Defendants now seek to produce the terms of the alleged insurance contracts used to facilitate these transactions. (ECF No. 81.) However, in its response, Plaintiff asserts that it has provided Defendant with "copies of the policy forms and endorsements reflecting the no-fault benefits provided under all

policies covering the patients at issue . . . since May 30, 2020." (ECF No. 87, PageID.5510.)

In their reply, Defendants do not dispute that Plaintiff has produced the policy terms for the patients at issue in this suit.[1] Instead, Defendants emphasize that Plaintiff "admits . . . the policies attached to its response appl[y] to all the insureds," and go on to quote the terms of the policies at length, apparently to show how the policy language supports Defendants' positions on the merits. (ECF No. 92, PageID.5795-98.) The central argument Defendants advance is that the policies are relevant and are thus discoverable. But Plaintiff asserts that it has provided the policies applicable to all relevant insurance claims. (ECF No. 87, PageID.5510.) Defendants provide no reason of substance explaining why Plaintiff's disclosures are inadequate or how further discovery might somehow advance their defenses. There is no explanation for why Plaintiff must undertake additional investigations and disclosures, consuming time and resources, when Defendants already have in their possession the allegedly important documents. The court will not compel further discovery in this realm, and Defendants' motion will be denied.

Federal Rule of Civil Procedure 37(a)(5)(B) states that if a motion to compel is denied, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its

---

[1] Defendants make a cursory reference in a footnote that some patients may not have paid for portions of the insurance policies or portions of the policies' terms. (ECF No. 82, PageID.5797.) Plaintiff has affirmatively stated that the policies produced contain the applicable contract language for *all* patients during the relevant time period. (ECF No. 87, PageID.5510, 5513.) Defendants neither make any substantive argument nor point to any evidence casting doubt upon this assertion.

3

reasonable expenses incurred in opposing the motion, including attorney's fees." "The award of costs is the norm, rather than the exception." *Martinez v. Blue Star Farms, Inc.*, 325 F.R.D. 212, 220 (W.D. Mich. 2018).

"[T]he court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). A motion is "substantially justified" if "reasonable people could differ as to the appropriateness of the . . . action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The losing party has the burden of persuasion that an award of costs is not justified. *See* 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2288 (3d ed. 2020); *Martinez*, 325 F.R.D. at 220.

Taking account of Defendants' acknowledgment that they were already in possession of the contracts they continued to seek in the motion to compel, the court is inclined to award Plaintiff expenses. It will order Plaintiff to file a bill of costs and account for its reasonable expenses, including attorney's fees, incurred in the opposition to Defendants' motion to compel. Fed. R. Civ. P. 37(a)(5)(B). (ECF No. 81.) Defendants will have the opportunity to file responses. Accordingly,

IT IS ORDERED that Defendants' "Motion to Compel" (ECF No. 81) is DENIED.

IT IS FURTHER ORDERED that Plaintiff file a bill of costs by **December 4, 2020**. Defendants Michael Angelo, Tox Testing, Inc., and US Health Pharmaceuticals, LLC, may file responsive briefs by **December 11, 2020**.

        s/Robert H. Cleland        /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 30, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                                    /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10669.ANGELO.Defendants'MotiontoCompel.docx