UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.                                   Case No. 19-10669

MICHAEL ANGELO,
*et al.*,

        Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT MICHAEL ANGELO'S MOTION TO STAY PENDING APPEAL**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") brought this action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d), and also asserted state law claims of fraud and unjust enrichment. (ECF No. 1, PageID.55-63.) State Farm alleged that Defendant Michael Angelo and others submitted fraudulent bills for medically unnecessary services and prescriptions rendered to patients involved in automobile accidents. (*Id.*, PageID.2, 4, 54.)

After extensive litigation, the parties entered into a settlement agreement, requiring, among other provisions, Angelo to dismiss or release particular categories of claims against State Farm. (ECF No. 118, PageID.6676; ECF No. 126, PageID.7132.) State Farm subsequently filed a motion to enforce the parties' settlement agreement, arguing that Angelo was in breach of their agreement by virtue of his role as a relator in a *qui tam* action against State Farm brought under the False Claims Act ("FCA"). (ECF

No. 118.) The court agreed with State Farm and issued a narrow holding that, consistent with the settlement agreement's requirements to "take all steps necessary to settle, discontinue with prejudice, and to secure the discontinuance of, any lawsuits . . . and other proceedings . . . arising from . . . MVA Related Health Care Services," Angelo must "solicit the government's consent to dismiss" State Farm from the *Qui Tam* Action. (ECF No. 149, PageID.8080-81.) The court made clear that if "the government decides it does not consent to dismissal, then that is the end of the matter," as the court would not have authority to mandate anything further. (*Id.*, PageID.8079.)

Angelo subsequently filed a motion for reconsideration, or in the alternative, for relief under Federal Rules of Civil Procedure 59(e) or 60(b). (ECF No. 150.) The court denied his request, finding that Angelo either presented new arguments that should have been argued earlier or otherwise failed to show that a "clear error of law" or potential for "manifest injustice." (ECF No. 157, PageID.8300.) Angelo was ordered to, proceeding in good faith and undertaking no contrary or inconsistent acts, "solicit the government's consent to dismiss the instant *Qui Tam* Action against State Farm, along with its subsidiaries, affiliates, officers, directors, and employees" by Monday, May 16, 2022. (*Id.*, PageID.8301.)

On May 4, 2022, Angelo filed a notice of appeal. (ECF No. 158.) Angelo appeals both the court's order granting State Farm's motion to enforce the settlement agreement (ECF No. 149) and its order denying Angelo's motion for reconsideration (ECF No. 157). Now before the court is Angelo's "Emergency Motion to Stay Injunction Pending Appeal." (ECF No. 160.) For the reasons stated below, the motion will be denied.

Federal Rule of Civil Procedure 62(d) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction, the court may suspend [or] modify . . . an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d); *see also* Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for . . . an order suspending [or] modifying . . . an injunction while an appeal is pending."). When faced with a motion to stay pending an appeal, courts consider: "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

"A motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action . . . . As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits." *Id.* A party must, in essence, demonstrate "a likelihood of reversal." *Id.* Yet, "a movant need not always establish a high probability of success on the merits." *Id.* Rather, "[t]he strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue." *Baker v. Adams Cty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

But the moving party is "always required to demonstrate more than the mere 'possibility' of success on the merits." *Griepentrog*, 945 F.2d at 153. Even if, for example, the moving party demonstrates that irreparable harm "decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Id.* (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)). After a careful review of his contentions and the relevant factors, the court finds that Angelo has not met his burden.

First, as to likelihood of success on the merits, Angelo argues that the "pertinent issue—whether Angelo can be directed by a Court to express himself in a manner against his will to seek the Government's consent to dismiss the Government's claims—is a matter of first impression that has not been considered by any other court in this Circuit." (ECF No. 160, PageID.8311.) Thus, he apparently advances his motion with a focus on his First Amendment argument, that is, "[w]hether such an instruction impinges on Angelo's First Amendment Rights in violation of the Compelled Speech Doctrine." (*Id.*) While he points out that some courts have found a movant to satisfy the first factor where "substantial legal questions or matters of first impression are at issue," it is still necessary that the equities "favor the maintaining the status quo." *Simon Prop. Grp., Inc. v. Taubman Centers*, Inc., 262 F. Supp. 2d 794, 798 (E.D. Mich. 2003). Moreover, courts have noted, under a similar procedural posture, that "mere repetition of arguments previously considered and rejected cannot be characterized as a strong showing of a likelihood of success on the merits." *Deon v. Barasch*, No. 1:17-CV-1454, 2018 WL 6524327, at *2 (M.D. Pa. Dec. 12, 2018) (internal quotations omitted); *accord Cottillion v. United Ref. Co.*, No. 09-cv-140E, 2014 WL 7344005, *3 (W.D. Pa. Dec. 23,

4

2014); *Schwartz v. Dolan*, 159 F.R.D. 380, 384 (N.D.N.Y. 1995); *Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 123 (S.D.N.Y. 2012). Angelo intimates that the court rejected his First Amendment claim solely on the ground that it was untimely; however, this assertion is untrue. The court previously explained, in part, that Angelo "*voluntarily* undertook a duty to 'take all steps necessary' to dismiss any pending actions against State Farm," and that ordering him to fulfill this duty "only incidentally burdens any 'speech.'" (ECF No. 157, PageID.8294.) The court continued that "nothing about the court's order compels Angelo to communicate a belief that State Farm is innocent [of engaging in fraudulent conduct] or that he endorses such conduct—it requires only that he follow through with a duty that he voluntarily assumed." (*Id.*) Having already considered the merits of this particular argument—among the others that Angelo briefly advances in his motion—the court disagrees with Angelo that this factor weighs in favor of a stay.

Although the likelihood of irreparable harm must be considered, "the likelihood of success on the merits often will be the determinative factor" when the First Amendment is at issue. *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). As to the second factor, Angelo argues, "once Angelo speaks against his will, he loses his First Amendment right to be free from compelled speech. That harm cannot be undone, which justifies the granting of a stay." (ECF No. 160, PageID.8313-14.) It is true that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Reno*, 154 F.3d at 288 (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). But given the minimal likelihood of success on the merits, the court finds the likelihood of irreparable harm lacking. Again, the court

5

ordered Angelo—consistent with a duty that he assumed under the settlement agreement—merely to solicit the government's consent to dismiss the *Qui Tam* Action against State Farm. The court is not ordering Angelo to tell the government something that he believes to be untrue, e.g., that he does not have knowledge of any fraudulent conduct by State Farm; nor does the court's order require Angelo to *demand* that the government take a particular course of action. He must simply ask for the government's consent to dismiss State Farm, pursuant to the settlement agreement. In short, this factor does not weigh in favor of granting a stay pending appeal.

Finally, the court must consider the prospect that others would be harmed by the stay, as well as the public interest. Most obviously, State Farm itself would be harmed by the stay. Indeed, State Farm entered into the settlement agreement with Angelo and agreed to dismiss its claims against him. However, for over a year now, Angelo has forced State Farm to litigate the *Qui Tam* Action in contravention of the parties' contract; a stay would certainly prolong this burden. Moreover, while the public has an interest in *qui tam* actions and their role in thwarting fraudulent conduct against the government and taxpayers, the public also has an interest in the enforcement of valid contracts. *See Delphi Auto. PLC v. Absmeier*, 167 F. Supp. 3d 868, 886 (E.D. Mich. 2016) (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)) ("There is a general public interest in the enforcement of voluntarily assumed contract obligations."). At least in this particular case, the interest in the enforcement of contracts tends to outweigh the public's interest in *qui tam* actions because the government could still decline to dismiss State Farm as a defendant. Presumably, such a situation would come to fruition if the government believes that the

claims against State Farm either have merit or are otherwise worth litigating. *See In re Pharm. Indus. Average Wholesale Price Litig.*, No. 08-11200-PBS, 2012 WL 366599, at *4 (D. Mass. Jan. 26, 2012) (recognizing that the FCA's plain language under § 3730(b)(1) protects against broad releases of claims by allowing the government to withhold consent from dismissal of claims).

In conclusion, Angelo has not met his burden to justify the imposition of a stay pending his appeal. After balancing the four factors, the court will deny his motion. Accordingly,

IT IS ORDERED that Angelo's "Emergency Motion to Stay Pending Appeal" (ECF No. 160) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 14, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-10669.ANGELO.MotionToStayPendingAppeal.MAZ.2.RHC.docx