**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

            Plaintiff,

v.                                            Case No. 19-cv-10669

MICHAEL ANGELO,
*et al.*,

            Defendants.
_____/

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO ENFORCE MAY 2, 2022 ORDER**

        After extensive litigation, this multi-defendant Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), action now resides in a post-settlement posture with respect to Defendant Michael Angelo ("Angelo"). Pending before the court is Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") "Motion to Enforce May 2, 2022 Order (ECF No. 157)," filed June 16, 2022 (ECF No. 163). The motion has been fully briefed. On March 21, 2023, the court held a hearing, during which it permitted State Farm to file a supplemental brief. That supplemental briefing has since been received and reviewed. (ECF No. 175.)

        There was a time in which the court was hopeful that the settlement between these parties would be predictive of cooperative behavior undertaken in good faith, and that a direction to comply with the court's order to rapidly effectuate a bargained-for dismissal of the pending *qui tam* action would in turn rapidly terminate the dispute. The court's expectation was not to be. A more formal approach, it is now clear, is required.

Therefore, for reasons explained below, the court will grant State Farm's motion to enforce.

## I.   BACKGROUND

Asserting RICO claims and state law claims of fraud and unjust enrichment, State Farm brought this action in March of 2019, alleging that Angelo and others submitted fraudulent bills for medically unnecessary services and prescriptions rendered to patients involved in automobile accidents. (ECF No. 1, PageID.2, 4, 54–63.) Following substantial discovery, on or about March 4, 2021, the parties entered into a settlement agreement. Among other provisions, Angelo was required to dismiss or release particular categories of claims against State Farm. (ECF No. 114; ECF No. 118, PageID.6676; ECF No. 126, PageID.7132.) The court retained jurisdiction to enforce the terms of their agreement. (ECF No. 114, PageID.6176.)

On April 29, 2021, State Farm filed a motion to enforce the parties' settlement agreement. (ECF No. 118.) State Farm argued that Angelo was in breach of their agreement by virtue of his role as a relator in a *qui tam* action against State Farm brought under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733. (Id.) State Farm demanded that Angelo "immediately cease and desist from taking any further action to prosecute the *Qui Tam* Lawsuit" and "take all necessary steps to secure dismissal of the *Qui Tam* Complaint." (ECF No. 118, PageID.6668.) The court found that the *qui tam* action fell within the scope of the settlement agreement and held that the agreement required Angelo to "'take all necessary steps . . . to secure the discontinuance of' the *Qui Tam* Action" as against State Farm. (ECF No. 149, PageID.8080–81.) The opinion's ultimate, narrow holding was that Angelo must "solicit the government's consent to

dismiss" State Farm from the *qui tam* action. (Id. at PageID.8081.) The court made clear that if "the government decides it does not consent to dismissal, then that is the end of the matter," as the court would not have authority to mandate anything further. (Id. at PageID.8079.)

The very same ruling was reiterated when the court denied Angelo's subsequent motion for reconsideration. (ECF Nos. 150, 157.) The May 2, 2022 order again required Angelo, "proceeding in good faith and undertaking no contrary or inconsistent acts, [to] forthwith solicit the government's consent to dismiss the instant Qui Tam Action against State Farm, along with its subsidiaries, affiliates, officers, directors, and employees, and must act on this obligation not later than Monday, May 16, 2022."[1] (ECF No. 157.) To that end, Angelo filed a "Declaration of Shereef H. Akeel, Esq," wherein Mr. Akeel, acting in his capacity as Angelo's counsel, attested to conferring with government counsel, Assistant United States Attorney (AUSA) John Postulka, in the *qui tam* action. (ECF No. 162.) In relevant part, Mr. Akeel indicated:

> 11.  On May 16, 2022, I spoke with the government and advised that State Farm is seeking dismissal of the *Qui Tam* claims against it in the *Qui Tam* action.
>
> 12.  I further advised the government that Judge Cleland ruled that although Angelo cannot seek dismissal of the government claims with the Court, based on the settlement agreement Angelo entered into with State Farm in the RICO action, Angelo is to request from the government the dismissal of State Farm from the *Qui Tam* action.
>
> 13.  I advised the government as well that Angelo has filed his Notice of Appeal on this issue.
>
> 14.  The government responded by saying that Angelo has no authority to dismiss the government claims against State Farm and maintains the

---

[1] The court further declined Angelo's request to stay entry of its order pending his appeal. (ECF Nos. 160, 161.)

same position in allowing for prosecution of the Qui tam claims against State Farm.

(Id.)

Now pending before the court is State Farm's "Motion to Enforce May 2, 2022 Order (ECF No. 157)." (ECF No. 163.) State Farm challenges the actions undertaken by Mr. Akeel, arguing that his conversation with government counsel was insufficient to discharge Angelo's obligations under the court's May 2nd order. (Id. at PageID.8332.) More specifically, State Farm primarily asks the court to direct Angelo to file a motion for voluntary dismissal in the *qui tam* action or "such alternative means, if any, as will formally solicit the Government's written consent to dismissal pursuant to 31 U.S.C. § 3730(b)(1)." (Id. at PageID.8333–34.) On June 30, 2022, Angelo filed his response, arguing that his obligations are fulfilled. (ECF No. 165.) On July 7, 2022, State Farm filed its reply.[2] (ECF No. 166.)

On March 9, 2023, the court set the motion for hearing. Prompted by the court's notice, on March 14, 2023, Angelo filed a Second Declaration of Shereef H. Akeel, Esq. (ECF No. 171, PageID.8606–07.) In response, on March 20, 2023, State Farm filed a "Motion for Leave to File Supplemental Brief in Support of Motion to Enforce May 2, 2022 Order or, in the Alternative, to Strike the Declaration of Shereef Akeel, Esq. (ECF No. 171)." (ECF No. 172.) At the March 21, 2023 hearing, the court heard from both

---

[2] As part of its reply, State Farm included as an exhibit the Declaration of Douglas W. Baruch, State Farm's counsel in the *qui tam* action. (ECF No. 166-2, PageID.8488–92.) That declaration then became the subject of a motion to strike or disregard filed by Angelo. (ECF No. 167.) Ultimately, with the consent of Angelo, the court terminated the motion as moot at the March 21, 2023 hearing in light of new information received by the court, namely the Second Declaration of Shereef H. Akeel, Esq (ECF No. 171) filed by Angelo. (*See* Bench Order, ECF No. 173; ECF No. 174, PageID.8666–67.)

4

parties and, in lieu of striking Mr. Akeel's second declaration, granted State Farm's motion to file a supplemental brief. (Bench Order, ECF No. 173.) The court has since received State Farm's supplemental brief (ECF No. 175) and does not find a response from Angelo necessary to resolve State Farm's pending motion to enforce.[3]

## II.   DISCUSSION

The parties empowered the court to retain jurisdiction with respect to enforcing the terms of their settlement agreement. (ECF No. 118-2, PageID.6711–12.) The court has since rendered two decisions regarding the settlement agreement, both of which required Angelo, in good faith and undertaking no contrary or inconsistent acts, to solicit the government's consent to dismiss State Farm from the *qui tam* action pending before the Honorable Denise Page Hood.[4] (ECF Nos. 149, 157.) Angelo purported to have done just that when he filed the Declaration of Shereef H. Akeel, Esq. (ECF No. 162.) However, as noted by the court at the motion hearing, the declaration missed the mark. It does not plainly state that the government did not give Angelo its consent to dismiss State Farm from the *qui tam* action. Had it done so, State Farm may not have filed its enforcement motion. Nonetheless, this finding does not resolve the pending motion before the court because Angelo saw fit to file a Second Declaration of Shereef H. Akeel, Esq. (ECF No. 171, PageID.8604–08.) And on its face, this second declaration

---

[3] After thoroughly reviewing State Farm's supplemental brief (ECF No. 175) and the transcript from the motion hearing (ECF No. 174), the court finds that the supplement contains no new material information that was not already presented at the motion hearing. Rather, the supplemental brief is at most a reorganization of State Farm's oral argument with minimally different points of emphasis. As such, the court finds that Angelo has had a full and fair opportunity to respond to the arguments presented more formally in State Farm's supplemental brief.

[4] Case number 19-cv-12165.

makes clear what was not before: the government did not approve Angelo's request for State Farm's dismissal from the *qui tam* action. (Id.)

When asked at the motion hearing whether the second declaration resolved its pending motion, State Farm indicated it did not. (Mot. Hr'g Tr., ECF No. 174, PageID.8668.) Rather, State Farm argued, as it did in its motion, that the law requires Angelo to file a motion under Federal Rule of Civil Procedure 41 to voluntary dismiss State Farm from the qui tam lawsuit. Plaintiff chiefly relies on *U.S. ex rel. Smith v. Lampers*, 69 F. App'x 719 (6th Cir. 2003), and certain state law statutes. (Id. at PageID.8669–72; *see also* ECF No. 163, PageID.8348–53.) Angelo rejected this position, relying on *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 339 (6th Cir. 2000), as well as *Lampers*, 69 F. App'x at 721, to argue that obtaining government consent is a precondition to filing for voluntary dismissal. (ECF No. 174, PageID.8682–85; ECF No. 165, PageID.8377–80.) Angelo contends that Mr. Akeel's second declaration reflects his attempt to fulfill the consent precondition and, because consent was not given, he is not legally empowered to file a voluntary dismissal motion. (Id.)

The court concluded in its February 28, 2022 opinion and order (ECF No. 149) following State Farm's first motion to enforce (ECF No. 118) as follows:

> The key to resolving this matter is to keep in mind precisely what relief Plaintiff seeks; the difference appears minor, but one request would flout the plain language of the FCA, while the other would be consistent with it. Plaintiff does not request the court to order Defendant to voluntarily dismiss the Qui Tam Action against Plaintiff. As the statute makes clear, to accomplish a voluntary dismissal, the government's consent is required. Rather, Plaintiff maintains that Defendant must, pursuant to the settlement agreement, "take all steps necessary" to "secure the discontinuance of" the Qui Tam Action brought by Defendant. (ECF No. 118, PageID.6695; ECF No 118-2, PageID.6704-05.) Plaintiff contends—and the court agrees—that taking "all necessary steps," in this context, amounts to

6

>   simply asking the government for consent to dismiss Plaintiff from the Qui
>   Tam Action. (ECF No. 118, PageID.6695-96; ECF No. 130, PageID.7334.)

(ECF No. 149, PageID.8077–78.) Under the circumstances at the time, the court did not contemplate a method so formal as a voluntary dismissal motion to solicit the government's consent. Rather, it envisioned the parties informally working together to resolve the consent question, just as they had the underlying RICO action. Angelo, unilaterally it seems, chose to fulfill his obligations under the court's February 28, 2022 and May 2, 2022 orders by telephonically conferring with AUSA Postulka and submitting declarations authored by his counsel attesting as to substance of the discussions had. (ECF Nos. 162, 171.)

However, as the court already indicated, Mr. Akeel's first declaration is facially deficient because it does not reflect an unequivocal refusal by the government at Angelo's behest to permit State Farm's dismissal from the *qui tam* action. (*See* ECF No. 162, PageID.8328.) Rather, the declaration indicates that "[t]he government responded by saying that Angelo has no authority to dismiss the government claims against State Farm"—an unsurprising point that the parties and the court already acknowledged (ECF No. 149; ECF No. 174, PageID.8685–86)—"and maintains the same position in allowing for prosecution of the Qui tam claims against State Farm." (ECF No. 162, PageID.8327–28.) This cannot legitimately be viewed as a plain refusal to permit State Farm's dismissal. Yet, at first blush, Mr. Akeel's second declaration appears to cure the fault with his first. Specifically, Mr. Akeel indicates:

>   20.    On March 13, 2023, the undersigned contacted the assigned AUSA
>   to the State Farm qui tam action to inform him of the upcoming hearing. In
>   this conversation, the AUSA reaffirmed that the Government does not
>   approve the request for a dismissal—through Mr. Angelo—as is being
>   sought and requested by State Farm. Further, the Government pointed out

7

> that there is also another, independent co-relator—MSP WB—who has not sought dismissal, and that the Government again maintains its position to allow the Qui Tam matter to proceed against State Farm in the normal fashion before Judge Hood. This conversation was memorialized in another email, to which the AUSA responded confirming its accuracy. See Exhibit A – March 13, 2023 Email Conversation.

(ECF No. 171, PageID.8607.) Further review of the referenced email conversation between Mr. Akeel and AUSA Postulka reflects that AUSA Postulka confirmed the same. (ECF No. 171-1, PageID.8608.) Thus, facially, Angelo's obligations under the court's May 2, 2022 order may appear satisfied.

Nonetheless, in light of arguments raised in State Farm's motion to supplement (ECF No. 172) and expounded upon at the motion hearing (ECF No. 174, PageID.8673–81), the court permitted State Farm the opportunity to more formally present challenges to the authenticity of the representations in Mr. Akeel's second declaration. State Farm has since done so by filing a supplement to its motion to enforce that materially restates its oral argument. (ECF No. 175.) The briefing chiefly contends that Mr. Akeel's second declaration is insufficient to discharge Angelo's obligations under the court's May 2, 2022 order because AUSA Postulka did not have all the relevant information presented to him with respect to the independence of Angelo's co-relator, MSP WB, LLC ("MSP"). (ECF No. 175, PageID.8728–35.) State Farm asserts that AUSA Postulka would not oppose its dismissal if MSP gave its consent. (Id. at PageID.8729.) It further contends that Angelo misrepresented the state of MSP's alleged independence as a co-relator in its March 13, 2023 email correspondence with AUSA Postulka (ECF No. 171-1, PageID.8608). (ECF No. 175, PageID.8729.) Rather, State Farm maintains that MSP is acting on Angelo's behalf in the *qui tam* action as his assignee—a fact unknown to AUSA Postulka. (Id.)

8

In support of that contention, State Farm points to: (1) MSP's representation in the *qui tam* action that is the assignee of Angelo (ECF No. 175-3, PageID.8755); (2) the fact that MSP's ability to pursue the *qui tam* action and participate as a co-relator derives from Angelo's amendment to his initial complaint in the *qui tam* action[5], as any attempt to file a separate *qui tam* suit would have been barred under the "first-to-file" rule, 31 U.S.C. § 3730(e)(4); (3) the fact that Angelo's counsel in the instant case also represent MSP in the *qui tam* action with one of those attorneys, John Ruiz, having an ownership and managerial interest in MSP; (4) Angelo's continued involvement in the *qui tam* suit, as evinced by the fact the MSP's proposed second amended complaint in the *qui tam* suit includes Angelo as a relator in the case caption, defines Angelo as a co-relator, and is signed by "Attorneys for Relators MSP WB, LLC and Michael Angelo" (ECF No. 175-3); and (5) the fact that Mr. Akeel's second declaration was filed in the *qui tam* action as a supplemental authority to support allowing MSP to file its second amended complaint. ECF No. 175, PageID.8728–35.)

At the motion hearing, Angelo maintained that MSP is an independent co-relator intent on prosecuting State Farm in the *qui tam* action. He repeatedly indicated that MSP is not his assignee except as it relates to a co-relator fee agreement (ECF No. 174, PageID.8693, 8695–97), despite being confronted with the information that MSP has formally identified itself as an assignee of Angelo in the *qui tam* action (ECF No. 175-3, PageID.8755.). Angelo further argued that the question of MSP's independence as a co-relator was already answered when the Honorable Stephen J. Murphy III determined that MSP had standing to bring suit in a separate *qui tam* action involving

---

[5] This amendment occurred after entry of the parties' settlement agreement in this case.

9

Allstate despite being added as a co-relator by amendment to the complaint.[6] (ECF No. 174, PageID.8696, 8721.) Angelo also denied any continued involvement in the *qui tam* suit since May of 2022. (Id. at PageID.8701–02.)

Having reviewed the supplement and the motion hearing transcript, the court finds that State Farm has sufficiently challenged the authenticity of Mr. Akeel's second declaration to warrant further action from Angelo under the court's February 28, 2022 and May 2, 2022 orders. (ECF Nos. 149, 157.) At this juncture, particularly in light of the apparent discrepancies surrounding Mr. Akeel's first declaration (*see* ECF No. 174, PageID.8685–87), the court harbors a concern that Angelo mischaracterized the "independent" nature of MSP in his conversations with AUSA Postulka. Such behavior is not consistent with the court's order that Angelo proceed in good faith. The court is reminded indeed of Angelo's failure to represent to AUSA Postulka that *he*, specifically, was seeking the government's consent for dismissal. (ECF No. 162, PageID.8327; ECF No.171, PageID.8607.) Rather, he misleadingly indicated that *State Farm* sought the dismissal, all contrary to the court's orders.

The court further finds that the mechanism used thus far to solicit the government's consent—namely separate telephonic conversations between the parties' attorneys and AUSA Postulka—has led to inconsistent results and confusion. Moreover, while the circumstances at the time of the court's orders appeared to reflect an ability between the parties to informally solicit the government's consent, time has proven that false. Practically, the court views any further attempts to attain consent informally to be

---

[6] *United States ex rel. Angelo v. Allstate Ins. Co.*, No. 2:19-cv-11615, 2022 WL 3213529, at *4–5 (E.D. Mich. Aug. 9, 2022).

futile. While Sixth Circuit precedent may not allow the filing of a formal motion for voluntary dismissal until a *qui tam* relator has obtained consent from the government, it does not specify that this precondition must be satisfied informally.[7] As such, the court grants State Farm's motion to enforce to the extent that Angelo will be required to formally file a request for consent to voluntary dismissal consistent with that proposed by State Farm in ECF No. 175-1.

### III.   CONCLUSION

For the reasons explained above, State Farm's "Motion to Enforce May 2, 2022 Order (ECF No. 157)" (ECF No. 163.) is granted to the extent that Angelo will be required to file the proposed "Form of Dismissal Filing" presented by State Farm in the *qui tam* action, 19-cv-12165, within seven days. (ECF No. 175-1.) The form dismissal shall use the language of "Request for Consent to Dismiss State Farm Mutual Automobile Insurance Company and Affiliate Defendants Only." Once the request is filed and addressed to completion by Judge Hood, the court will deem Angelo's obligations under its February 28, 2022 and May 2, 2022 orders fulfilled. (ECF Nos. 149, 157.) Accordingly,

IT IS ORDERED that Plaintiff State Farm's "Motion to Enforce May 2, 2022 Order (ECF No. 157)" (ECF No. 163) is GRANTED.

---

[7] To the extent that the parties dispute whether a motion under Federal Rule of Civil Procedure 41 or instead Rule 21 (misjoinder) is more appropriate to achieve the specific dismissal of State Farm, (ECF No. 166, PageID.8481; ECF No. 174, PageID.8710), the court has little interest in such a discussion. The court views the dismissal of a party in a multi-defendant *qui tam* action to require government approval where the government has declined to intervene. Thus, consent must be sought.

IT IS FURTHER ORDERED that, within seven days of this order, Defendant Angelo shall file the request for consent to dismiss, as it appears in ECF No. 175-1 with the court's aforementioned caveats, in Case Number 19-cv-12165.

```
                                        s/Robert H. Cleland            /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE
Dated:  March 30, 2023
```

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2023, by electronic and/or ordinary mail.

```
                                        s/Lisa Wagner                  /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522
```

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\19-10669.ANGELO.MotionToEnforceCourtOrder.EKL.2.RHC.docx