UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

            Plaintiff,

v.                                               Case No. 19-cv-10669

MICHAEL ANGELO,
*et al.*,

            Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT MICHAEL ANGELO'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE MOTION TO AMEND THE ORDER AND LIFTING STAY OF ECF No. 176**

At this juncture, Defendant Michael Angelo ("Angelo") has thrice been ordered to solicit the government's consent to dismiss Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") and its affiliates from *Angelo et al. v. State Farm Mutual Automobile Insurance Company et al.,* Case No. 19-cv-12165[1]. (ECF Nos. 149, 157, 176.) The court's most recent order, issued March 30, 2023, specifically directed Angelo to formally file a request for consent to dismiss in the *qui tam* action by April 7, 2023. (ECF No. 176, PageID.8861–62.) The court deemed this action warranted because the informal mechanism used by Angelo thus far to ask for the government's consent led to inconsistent results and confusion. (Id. at PageID.8860.) Specifically, the

---

[1] That lawsuit is a *qui tam* action pending before the Honorable Denise Page Hood, in which Angelo is currently a co-relator and State Farm is one of many defendants. Whether and to what extent the parties' settlement agreement requires Angelo to discontinue that litigation against State Farm has been the primary subject of the court's post-settlement orders in the suit at bar. (*See* ECF Nos. 149, 157, 176.)

court has been supplied with dueling declarations (ECF Nos. 162, 166-2, 171, 175-2), wherein the parties gave conflicting reports on their conversations with the government that left the court with concerns that Angelo was not proceeding in good faith as required. (Id.)

In response, on April 3, 2023, Angelo filed two motions: (1) "Defendant's Emergency Motion to Stay Injunction Pending Appeal and/or Reconsideration of This Court's February 28, 2022, May 2, 2022, and March 30, 2023 Opinions and Orders" (ECF No. 177) and (2) "Defendant's Motion for Reconsideration, or in the Alternative, Motion to Amend the Order" (ECF No. 178). On April 4, 2023, the court issued a temporary stay of its March 30th order and requested responsive briefing from State Farm as to Angelo's reconsideration motion, which asks the court to reconsider its March 30, 2023 opinion and order or, in the alternative, to amend that opinion under Rule 59(e) and under Rule 60(b)(1), (5) and (6) (ECF No. 178, PageID.8897–98). (ECF No. 179.) On April 10, 2023, State Farm complied. (ECF No. 180.) The court finds further briefing and a hearing unnecessary. *See* E.D. Mich. LRs 7.1(f)(1)–(2), (h)(3), 59.1. For the reasons stated below, the court will deny Angelo's pending motion, lift the stay of its March 30th opinion, and order Angelo to file a request for consent to dismiss State Farm and its affiliates in Case Number 19-cv-12165 by April 15, 2023 at 5:00 p.m.

### I.  STANDARD

Under Eastern District of Michigan Local Rule 7.1(h)(1), reconsideration of a final order is not permitted. Rather, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich. LR 7.1(h)(1). As a decision on the merits, the court's March 30, 2023 opinion was

a final order for purposes of Local Rule 7.1(h)(1). *See Slep-Tone Ent. Corp. v. Karaoke Kandy Store, Inc.*, 782 F.3d 712, 715 (6th Cir. 2015). Thus, reconsideration is not an available avenue of relief for Angelo, and the court will only consider Angelo's request for relief under Rule 59(e) and/or 60(b).

Federal Rule of Civil Procedure 59(e) permits the filing of "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). To prevail under Rule 59(e), the moving party must demonstrate: "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). Critically, "'[a] motion under Rule 59(e) is not an opportunity to re-argue a case.'" *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Likewise, "'[r]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Id.* The rule itself specifically provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3

>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

F ED. R. C IV. P. 60(b).

## II.  DISCUSSION

Angelo's motion makes no clear attempt to show that the standards of Rule 59(e) and/or Rule 60(b) are met. Instead, Angelo offers the court the same overarching position: his obligations under the court's February 28, 2022 and May 2, 2022 orders (ECF Nos. 149, 157) have been satisfied. Angelo claims that, as reflected in his attorney's declarations (ECF Nos. 162, 171), the government, through United States Attorney ("AUSA"), John Postulka, did not give its consent to dismiss State Farm from the *qui tam* action when asked by Angelo. (ECF No. 178, PageID.8892.) Thus, he should not now be made to file a request for consent in the *qui tam* action.

In challenging the court's March 30th opinion that found otherwise, Angelo makes three arguments. (Id. at PageID.8898–8911.) First, Angelo challenges the court's consideration of his co-relator's, MSP WB, LLC's ("MSP"), independence. (ECF No. 178, PageID.8890–91, 8898–8904.) Second, Angelo contends that the court's opinion offends Sixth Circuit authorities by requiring him to file a request for consent that is ineffectual and procedurally improper. (ECF No. 178, PageID.8904–06.) Finally, Angelo claims that the court's opinion implicates the First Amendment's protection against compelled speech. (ECF No. 178, PageID.8906–11.) The court will evaluate each argument in turn.

4

**A. MSP's Independence**

Angelo first attempts to relitigate the issue of his co-relator MSP's independence, arguing that MSP's independence is neither relevant nor reasonably disputable. (ECF No. 178, PageID.8890–91, 8898–8904.) He contends that "the only reason the focus has now turned to MSP WB's 'independence' is because State Farm and Douglas Baruch have blatantly misrepresented the facts to this Court." (Id. at PageID.8899.) In so arguing, Angelo attempts to distinguish MSP's "independence" from its "validity" as a co-relator. He then asserts that AUSA Postulka is only concerned with the latter and that MSP's relator status is presumptively valid until proven otherwise. (Id. at PageID.8899–8901.) He further claims that:

> It is wholly irrelevant whether (1) MSP WB described itself as Angelo's assignee in a Proposed Second Amended Complaint, (2) MSP WB was brought into the qui tam action through Angelo's amendment of the qui tam Complaint, (3) MSP WB and Angelo are represented by the same counsel and the ownership and managerial interest structure of MSP WB, (4) MSP WB's filings in the qui tam action maintains the status quo with regard to Angelo's status as a relator, and (5) MSP WB complied with Judge Hood's explicit instruction to file with that court any updates or developments from this action by filing Mr. Akeel's Second Declaration. None of those, even if true, implicates MSP WB's status as a valid relator. Further, AUSA Postulka and the DOJ were made fully aware of the facts surrounding each of these points.

(Id. at PageID.8901–02.)

Angelo alternatively contends that, even if the court were persuaded that MSP's independence is necessary, MSP is independent. (ECF No. 178, PageID.8901–02.) He claims that the only "assignment" between Angelo and MSP is a co-relator fee agreement executed before the parties entered into the settlement agreement in this case. (Id.) And that co-relator fee agreement reflects that MSP had its own claims separate from Angelo's. (Id. at PageID.8902–03.) Further, per Angelo, the government

5

specifically allowed him and MSP to work together in the *qui tam* action while it was under seal. (Id.) Angelo also insinuates that the government agrees with his position as it refused to issue a written statement to this court at State Farm's request following the March 21, 2023 hearing. (Id. at PageID.8904.) Angelo characterizes this as additional evidence that the government does not consent to State Farm's dismissal. (Id.)

Though seemingly attempting to provide clarity, Angelo has only further muddied the waters regarding whether or not he has received AUSA Postulka's consent to dismiss State Farm from the *qui tam* action. Indeed, the court is astonished that Angelo would now call the subject of MSP's independence "irrelevant" when his own attorney used the word "independent" to describe MSP in his correspondence with the government and in his declaration to the court. (ECF No. 171-1, PageID.8608; ECF No. 171, PageID.8607.) Moreover, contrary to Angelo's assertion, MSP's independence matters. The correspondence between Angelo's attorney and the government indicates that MSP's objection to State Farm's dismissal from the *qui tam* suit is a barrier to the government providing its consent. And if MSP is in some form or another an assignee of Angelo or so intertwined that one essentially controls the other, as State Farm strongly suggests, then the terms of the parties' settlement agreement may very well require MSP to relinquish its objection.

To be clear, the court has made no specific finding as to MSP's independence.[2] Rather, the court has only found that State Farm has sufficiently challenged the

---

[2] Nor, frankly, has any court. Though Plaintiff argues that the Honorable Stephen J. Murphy III answered this question definitively in *United States ex rel. Angelo v. Allstate Ins. Co.*, No. 2:19-cv-11615, 2022 WL 3213529, at *4–5 (E.D. Mich. Aug. 9, 2022), Judge Murphy did not evaluate the relationship between Angelo and MSP, presumably because Angelo does not have a settlement agreement with Allstate like he does with

6

authenticity of Angelo's attorney's second declaration (ECF No. 171), warranting the formalization of the parties' positions with respect to State Farm's dismissal on the record in the *qui tam* suit. (ECF No. 176, PageID.8860.) In any event, Angelo has certainly failed to show by clear and convincing evidence that the court was mistaken about whether or not he—in good faith[3]—asked for and received AUSA Postulka's consent to dismiss State Farm from the *qui tam* action. *Info-Hold, Inc.*, 538 F.3d at 454. Thus, denial of his motion on this ground is warranted.

### B. Procedural Basis

Next, Angelo contends that the court's "novel" order runs contrary to Sixth Circuit binding precedent. (ECF No. 178, PageID.8904–06.) He claims that the court's order will force him to improperly treat Judge Hood's docket "like a clearinghouse to communicate with the Department of Justice." (Id. at PageID.8905.) In essence, Angelo posits that the notice required to be filed by the court's March 30th opinion would serve no objective on Judge Hood's docket and would be without any procedural basis. (Id.)

---

State Farm. The court is not readily convinced that there is a real distinction between the terms "independent" and "valid" as being used by Angelo here. However, to the extent that there is a difference, the parties' settlement agreement may complicate the landscape for MSP's litigation against State Farm and its affiliates.

[3] Indeed, the court has greater reservations now. While Angelo attempts to use additional correspondence between his attorneys and AUSA Postulka as evidence that MSP's independence is irrelevant, it reveals quite clearly to the court how Angelo has not pursued the government's consent in good faith. (ECF No. 178-2, PageID.8916–18.) By indicating to AUSA Postulka that "Angelo is being forced by State Farm" to seek dismissal "because they are claiming the government claims were part of his private settlement agreement" and that there could not be "any such authority, and this is simply against sixth circuit [sic] law," Angelo runs blatantly afoul of the court's prior orders to proceed in good faith (ECF Nos. 149, 157). (Id.)

7

In so arguing, Angelo ignores the plain language of the request he has been ordered to file. (ECF No. 175-1; ECF No. 180-1, PageID.8964–67.) The procedural bases for this request are clear: (1) Section 3730(b)(1) of the False Claims Act, 31 U.S.C. § 3730(b)(1); (2) the government's "Notice of Election to Decline Intervention," filed in the *qui tam* action (19-cv-12165, ECF No. 17); and (3) the *qui tam* court's related order (19-cv-12165, ECF No.18, PageID.329–30) requiring *the court* to solicit written consent of the government "should the relator or the defendant propose that this action be dismissed, settled, or otherwise discontinued." Thus, the request does serve a legitimate objective—notifying Judge Hood of Angelo's wish to dismiss State Farm from the lawsuit and seek the government's consent. As this court previously indicated, the dismissal of a party in a multi-defendant *qui tam* action requires government approval where the government has declined to intervene as part of the "otherwise discontinued" caveat. Thus, Angelo's argument has no merit.

### C. Compelled Speech Doctrine

Finally, Angelo recycles his constitutional challenge under the compelled speech doctrine, arguing that the court's order requiring him to solicit the government's consent to dismiss is unconstitutional because it demands that Angelo speak in a way that he disapproves. (ECF No. 178, PageID.8906–11.) The court previously considered and rejected this exact argument. (ECF No. 157, PageID.8297–99.) As such, no extended discussion is required to reject it again. *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998).

### III. CONCLUSION

Collectively, Angelo's arguments again miss the mark. In granting State Farm's most recent enforcement motion, the court was foremost concerned that Angelo had still failed to solicit the government's consent for State Farm's dismissal in good faith. That concern decidedly remains. As such, his Motion for Reconsideration, or in the Alternative, Motion to Amend the Order (ECF No. 178) must be denied. The court will further deny Angelo's request that the court stay entry of its March 30, 2023 order pending resolution of his current appeal (ECF No. 177), as it is effectively itself a ploy for reconsideration of the court's decision denying Angelo's initial request for a stay pending appeal (ECF No. 161). The court already provided ample reasoning under Federal Rule of Civil Procedure 62(d) for denying a stay in its prior order. (ECF No. 161.) It will not do so again. Moreover, there is no legitimate basis to continue the stay. As such, the court's temporary stay of its March 30th order will be lifted, and Angelo will be ordered to file the request for consent to dismiss, in the form provided in ECF No. 180-1[4], no later than 5:00 p.m. on April 15, 2023. Accordingly,

IT IS ORDERED that Defendant Angelo's "Motion for Reconsideration, or in the Alternative, Motion to Amend the Order" (ECF No. 178) is DENIED.

IT IS FURTHER ORDERED that the stay of the court's March 30, 2023 opinion and order (ECF No. 176) is hereby LIFTED.

---

[4] The court previously ordered Angelo to file the request for consent to dismiss as it appears in ECF No. 175-1 with certain language changes. State Farm revised the request so that it now reflects the court's revisions. (*See* ECF No. 180-1.)

9

IT IS FURTHER ORDERED that, **no later than 5:00 p.m. on April 15, 2023**, Angelo shall file the request for consent to dismiss, as it appears in ECF No. 180-1, in Case Number 19-cv-12165.

          s/Robert H. Cleland         /
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated:  April 14, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 14, 2023, by electronic and/or ordinary mail.

          s/Lisa Wagner         /
          Case Manager and Deputy Clerk
          (810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\19-10669.ANGELO.MotionForReconsideration&OrderLiftingStay.EKL.RHC.docx