UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.                                  Case No. 19-cv-10669

MICHAEL ANGELO,
et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

Pending before the court is Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") "Motion for Award of Attorney Fees and Costs." (ECF No. 194.) The motion has been fully briefed. (See ECF Nos. 194, 195, 196.) A hearing is unnecessary. See E.D. Mich. LR 7.1(f)(2). For the reasons explained below, the court will grant State Farm's motion.

**I. BACKGROUND**

After extensive litigation, on or about February 19, 2021, State Farm and Defendant Michael Angelo ("Angelo") entered into a settlement agreement, ostensibly resolving this multi-defendant Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), case. (ECF No. 196-1, PageID.9109–10.) Among other provisions, Angelo was required to dismiss or release particular categories of claims against State Farm. (ECF No. 114; ECF No. 118, PageID.6676; ECF No. 126, PageID.7132.) The court retained jurisdiction to enforce the terms of their agreement.

(Id. at PageID.9105–06.) It has since issued five substantive opinions in that regard. (ECF Nos. 149, 157, 161, 176, 181.)

The post-settlement life of this suit rivals the scope of its pre-settlement's.[1] Much of that procedural and substantive biography has concerned whether and to what extent the parties' settlement agreement requires Angelo to "discontinue" a *qui tam* action against State Farm and its affiliates currently pending before the Honorable Denise Page Hood.[2] This court found unequivocally that the *qui tam* action falls within the scope of the settlement agreement. (ECF No. 149, PageID.8080–81; ECF No. 157.) It accordingly ordered Angelo to "solicit the government's consent to dismiss" State Farm from the *qui tam* action. (ECF No. 149, PageID.8081.) Additional time was then spent determining whether Angelo sufficiently solicited the government's consent, all of which culminated in an April 14, 2023 opinion and order that required Angelo to file a request for consent to dismiss in the *qui tam* litigation. (ECF No. 181, PagID.8977.)

Angelo immediately appealed the April 14th decision, securing an administrative stay. (ECF No. 188.) Upon full briefing, however, the Sixth Circuit dissolved the administrative stay, and further denied Angelo's motion for a stay pending appeal. (ECF No. 194-3, PageID.9042–47.) In reaching its decision, the Sixth Circuit notably indicated that, based on the record before it, "the [settlement agreement's] release clause appears to cover the *qui tam* claims." (Id. at PageID.9044.) After losing his bid before the Sixth Circuit for a stay, Angelo complied with this court's April 14th opinion and

---

[1] For brevity's sake, the court relies upon and incorporates here the background information contained in its prior opinions. (ECF Nos. 149, 157, 161, 176, 181.)

[2] *Angelo et al. v. State Farm Mutual Automobile Insurance Company et al.*, Case No. 19-cv-12165.

2

order.³ (Case No. 19-cv-12165, ECF No. 455.) He simultaneously filed a notice indicating that "[t]his Request for Consent to Dismiss is being filed under protest and against Relator Angelo's will." (Case No. 19-cv-12165, ECF No. 456, PageID.8027.) Nonetheless, on May 5, 2023, the United States of America consented to the dismissal of Angelo's claims against State Farm and its affiliates. (Case No. 19-cv-12165, ECF No. 468.) On June 1, 2023, the specific state governments involved—California, Connecticut, Florida, Illinois, Massachusetts, Michigan, New York, Puerto Rico, Rhode Island, and Texas—followed suit. (Case No. 19-cv-12165, ECF No. 474.) These dismissals were "partial" in nature, as they were limited to only Angelo's claims against State Farm and its affiliates, leaving intact the claims of Angelo's co-relator, MSP WB, LLC ("MSP"). (Case No. 19-cv-12165, ECF Nos. 468, 474, 480.)

On June 9, 2023, State Farm filed the pending motion, seeking an award of "its costs and expenses against [Angelo], including reasonable attorney fees, incurred in connection with enforcing the Confidential Settlement Agreement and Release ('Settlement Agreement,' ECF Nos. 118-2, 175-4) and seeking the dismissal of the Qui Tam Action following Angelo's failure to do so as obligated under the Settlement Agreement."⁴ (ECF No. 194, PageID.8995.) On June 23, 2023, Angelo filed his response. (ECF No. 195.) On June 30, 2023, State Farm filed its reply. (ECF No. 196.)

---

³ State Farm highlights certain "abnormalities" about the request, including it being unsigned and containing an "exhibit header." (ECF No. 194, PageID.9017.)

⁴ More specifically, State Farms seeks reasonable attorney fees and related costs incurred in connection with the drafting, filing, and/or arguing of the following: ECF No. 118; ECF No. 130; ECF No. 143; ECF No. 145; ECF No. 148; No. 153; ECF No. 154; ECF No. 163; ECF No. 166; ECF No. 168; ECF No. 172; the March 20, 2023 hearing on ECF Nos. 163 and 172; ECF No. 175; ECF No. 180; all of its costs and fees incurred to date in enforcing the settlement agreement in Angelo's two pending appeals before the

3

## II. STANDARD

The parties agree that the resolution of State Farm's motion is a matter of contract construction and interpretation with Michigan law controlling. (*See* ECF No. 194, PageID.9019–21; ECF No. 195, PageID.9064–65.) "Under Michigan law, settlement agreements are favored and discovering the parties' intent in forming the contract should be the goal of courts interpreting such agreements." *MLW Assocs., Inc. v. Certified Tool 7 Mfg. Corp.*, 106 Fed. App'x 307, 312 (6th Cir. 2004) (citing *Eyde v. Eyde*, 2004 WL 1366007, at * 4 (Mich. Ct. App. 2004); *Old Kent Bank v. Sobczak*, 620 N.W.2d 663, 666–67 (Mich. Ct. App. 2000)). "It is well-settled law that in determining the intent of the parties to a contract, the terms in a contract should be given their plain ordinary meaning." *Id.* (citing *Bandit Indus., Inc. v. Hobbs, In"l, Inc.*, 620 N.W.2d 531, 533 (Mich. 2001); *Rasheed v. Chrsyler Corp.*, 517 N.W.2d 19, 24 (Mich. 1994); *Bianci v. Auto. Club of Mich.*, 467 N.W.2d 17 (Mich. 1991)). To that end, "[e]very word in [an] agreement must be taken to have been used for a purpose and no word should be rejected as surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument." *Associated Truck Lines, Inc. v. Baer*, 77 N.W.2d 384, 386 (Mich. 1956) (citation omitted).

## III. DISCUSSION

The issue before the court is whether State Farm is entitled to the attorney fees and costs it incurred in undertaking proceedings related to securing its dismissal from

---

United States Court of Appeals for the Sixth Circuit, namely *State Farm Mutual Automobile Insurance Company v. Michael Angelo, et al.*, CA6 Case Nos. 22-1409 and 23-1340; and all of its costs and fees incurred to date in seeking the dismissal of *United States ex rel. Michael Angelo et al. v. State Farm Mutual Automobile Insurance Company*, No. 2:19-cv-12165 (E.D. Mich.) (the "Qui Tam Action").

4

the *qui tam* action. State Farm asserts that support for such an award can be found in two sources. (ECF No. 194, PageID.9008, 9019.) First, State Farm relies on paragraph twenty-five of the parties' settlement agreement, which states in relevant part as follows:

> Costs of Enforcement. In any action to enforce the terms of this confidential Agreement pursuant to paragraph 14, the prevailing Party shall recover its costs, including reasonable attorney's fees, from the other Party to the action.

(ECF No. 196-1, PageID.9107–08.) Paragraph fourteen further states as follows:

> Continuing Jurisdiction and Dispute Resolution. The Parties agree that the stipulation of dismissal referenced above in paragraph 3 shall provide for Judge Robert H. Cleland to retain jurisdiction to enforce any term of this Confidential Agreement, including the confidentiality provisions set forth in paragraph 13. If Judge Cleland declines jurisdiction or is not available, the Parties agree that any action to enforce any term of this Confidential Agreement shall be commenced in the United States District Court for the Eastern District of Michigan, Detroit Division (to the extent there is jurisdiction), and marked as a related case to the Litigation. If any such claim is brought, the prevailing Party shall be entitled to reasonable attorney's fees and costs.

(Id. at PageID.9105–06.) Paragraph three states in relevant part:

> Dismissal of All Claims. . . . In addition, within seven (7) days of the date this Confidential Agreement is signed, the Michael Angelo Entities shall take all steps necessary to settle, discontinue with prejudice, and to secure the discontinuance of, any lawsuits, arbitrations, appeals, claims, and other proceedings brought by any Michael Angelo Entity pending against State Farm Mutual and/or any individual insured by State Farm Mutual ("State Farm Mutual Insured"), in any forum, arising from (a) the allegations asserted or that could have been asserted in the Litigation; and/or (b) MVA Related Health Care Services, as hereinafter defined, provided by any Michael Angelo Entity(s) to any State Farm Mutual Insured on or before the Effective Date, and to waive all rights to all remedies and costs relating to such matters, including attorney's fees. **If the Michael Angelo Entities fail to discontinue with prejudice any such lawsuits, arbitrations, or other proceedings that any Michael Angelo Entity has brought against State Farm Mutual and/or any State Farm Mutual Insured, as defined above, the Michael Angelo Entity(s) that failed to discontinue with prejudice any proceeding agree to pay and indemnify State Farm Mutual for any fees, costs, expenses, and liabilities resulting therefrom, including but not**

5

<u>**limited to any sums incurred in defending or obtaining dismissal of the lawsuits, arbitrations, or other proceedings.**</u>

(Id. at PageID.9098–99) (emphasis added).

State Farm's argument is straightforward. It asserts that:

> After signing the Settlement Agreement, Angelo failed to take the steps necessary "to discontinue with prejudice" the Qui Tam Action. As a direct result of that failure, in order to "obtain[] dismissal" of the Qui Tam Action, [State Farm] filed and litigated a Motion to Enforce Settlement [ECF No. 118] and then a Motion to Enforce May 2, 2022 Order [ECF No. 163], all to compel Angelo to file a request for the Government's consent to dismiss the claims in the Qui Tam Action against [State Farm] and its affiliates—claims Angelo released and agreed to dismiss pursuant to the Settlement Agreement . . . In addition, while these enforcement proceedings were ongoing, Angelo continued to pursue the Qui Tam Action against [State Farm], and [State Farm] incurred significant attorney fees and costs related to securing the dismissal of that action, an obligation that belonged to Angelo.

(ECF No. 194, PageID.9024–25.) Because the court granted its enforcement motions in full, State Farm designates itself as a "prevailing party." (Id. at PageID.9024.) Therefore, State Farm contends that the plain terms of the settlement agreement require Angelo to pay "for its costs and attorney fees incurred in attempting to secure Angelo's compliance with the Settlement Agreement and to obtain dismissal of [State Farm] from the Qui Tam Action" as they fall within paragraph twenty-five's purview. (Id. at PageID.9026, 9023.) Alternatively, State Farm argues that the court can use its inherent authority to grant State Farm its attorney fees as a sanction for Angelo's "lengthy campaign to avoid complying with this Court's directives to solicit the Government's consent to dismiss his claims against [State Farm] in the Qui Tam Action." (ECF No. 194, PageID.9028.)

In response, Angelo makes five arguments in support of denial. They are as follows:

6

> (1) the plain language of the Paragraph 25 does not permit recovery of attorney fees and costs under the present circumstances; (2) State Farm is not a prevailing party, as defined by binding precedent, in this proceeding or in the Qui Tam Action; (3) the Qui Tam Action is not an action to enforce the terms of the Settlement Agreement; (4) State Farm's request for attorney fees is improper under Michigan law; and (5) a motion for attorney fees and costs are premature where, as here, resolution of dispositive questions of law and fact are pending.

(ECF No. 195, PageID.9065–66.) The court will evaluate each in turn.

Angelo first offers a different reading of paragraph twenty-five, calling State Farm's interpretation a "blatant attempt to mislead the Court" that is "reprehensible, if not sanctionable." (ECF No. 195, PageID.9067.) He asserts that a plain interpretation of paragraph twenty-five when read in conjunction with paragraph fourteen allows for an award of costs and fees only for enforcement claims brought where "Judge Cleland declines jurisdiction or is not available." (Id. at PageID.9067–68.) Because those circumstances are not present, Angelo contends State Farm cannot recover attorney fees and costs under the settlement agreement. (Id. at PageID.9068.)

The court disagrees. Angelo's proposed reading of the settlement agreement would render paragraph twenty-five entirely superfluous, as there would be no need for a separate "Costs of Enforcement" provision. Moreover, it ignores the word "any." Under paragraph twenty-five, "*any* action to enforce the terms of this confidential Agreement pursuant to paragraph 14" allows for the prevailing party in said action to recover—whether that action is being handled, as here, by this court or by another jurist in the Eastern District of Michigan. Plainly, the settlement agreement allows for recovery of attorney fees and costs under the present circumstances.

Angelo next attempts to argue that State Farm is not a "prevailing party" for purposes of paragraph twenty-five. (ECF No. 195, PageID.9068.) He asserts that State

Farm's formal success in its enforcement motions does not automatically confer prevailing party status. (Id. at PageID.9068–70.) Rather, per Angelo, a party legally prevails when it achieves the goal(s) it set at the outset of litigation. (Id.) Here, Angelo dubs State Farm's "primary objective" as "dismissal of State Farm from the *Qui Tam* Action." (Id.) Because State Farm is still a defendant in the *qui tam* suit, Angelo insists it cannot now be deemed a prevailing party. (Id.) And, to the extent that State Farm has improved its position since the start of this litigation, Angelo demotes the success to the realm of "trivial," "purely technical," and/or "*de minimis*," and thereby legally insufficient to sustain a prevailing party designation. (Id. at PageID,9070–72.)

The court again disagrees. First and foremost, Angelo's portrayal of State Farm's primary objective is inexact. Certainly, State Farm does not desire to be a defendant in the *qui tam* action. But more precisely, State Farm has steadily pursued in this litigation the enforcement of rights owed to it under the parties' settlement agreement. Angelo may disagree, but the court found the *qui tam* action to be one of the claims he should have discontinued within seven days of the settlement agreement's enactment. Given the nature of the *qui tam* suit, discontinuing that action took the ultimate form of a request for consent to dismiss. Simply put, State Farm got what it came for.

The question becomes, now, whether this success supports a prevailing party designation. "The [Supreme] Court has said that the 'touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)). "This change must be marked by 'judicial *imprimatur*.'" *Id.* (quoting *Buckhannon Bd. & Care*

8

*Home, Inc. v. West Virginia Dept. of Health & Hum. Res.*, 532 U.S. 598, 602 (2001)). That is, the relief secured must modify the offending party's behavior so as to directly benefit the relieved party. *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). Such a behavior change has occurred here. Angelo is no longer allowed to freely pursue State Farm in the *qui tam* suit. The fact that a co-relator may continue to pursue State Farm does not somehow render State Farm's success in this action legally inconsequential for fee award purposes. As such, State Farm is a prevailing party for purposes of this case.

Angelo's third argument appears to be an outgrowth of its prevailing party argument. He asserts that State Farm has mischaracterized the *qui tam* action as one to enforce the settlement agreement, which "defiles the language of the Settlement Agreement and the very nature of the *Qui Tam* Action." (ECF No. 195, PageID.9072.) Because the *qui tam* suit does not exist to enforce the terms of the parties' settlement agreement and was not brought to do so, per Angelo, it falls outside the purview of paragraph twenty-five. (Id. at PageID.9072–73.)

Angelo's efforts to distinguish the nature of the *qui tam* suit and State Farm's enforcement proceedings in this case miss the point. State Farm has not claimed that the *qui tam* case is an independent enforcement proceeding. Rather, State Farm relies upon the language in paragraph three of the settlement agreement, which broadly provides for an award of fees and costs in the event that Angelo fails to discontinue any qualifying lawsuit, arbitration, or other proceeding. (ECF No. 194, PageID.9011, 9024–25; ECF No. 196-1, PageID.9098–99.) Again, the court determined that the *qui tam* action fell within the scope of the settlement agreement. Thus, under the plain language

of the settlement agreement, because Angelo failed to discontinue with prejudice the *qui tam* suit, he agreed to "pay and indemnify State Farm Mutual for any fees, costs, expenses, and liabilities resulting therefrom, including but not limited to any sums incurred in defending or obtaining dismissal of [the *qui tam* suit]." (ECF No. 196-1, PageID.9099.) He has not meaningfully addressed why he should not be held accountable for the fees and costs State Farm has incurred in the *qui tam* litigation. Moreover, there appears to be no need to sort through each individual proceeding in the *qui tam* case because, even though a co-relator at present continues the litigation against State Farm, under the terms of the parties' settlement agreement Angelo should never have continued pursuing the *qui tam* action after February 19, 2021. Thus, he is contractually obligated to indemnify State Farm as it defends itself and its affiliates in the *qui tam* case.

Angelo next argues that State Farm's motion is improper under Michigan law based on the precedents set forth in *Wesley Corp. v. Zoom TV Products*, 2020 WL 1482503, at *1 (E.D. Mich. Mar. 27, 2020), and *Pransky v. Falcon Grp., Inc.*, 874 N.W.2d 367, 383 (Mich. Ct. App. 2015). (ECF No. 195, PageID.9076–77.) Because *Wesley Corp.* and *Pransky* consider attorney fees arising under the terms of a contract to be a type of general damages, Angelo argues State Farm must pursue a standalone action to recover those fees. (Id.)

Angelo's reliance on *Wesley Corp.* and *Pransky* is misplaced. He is correct that Michigan law provides that "[a]ttorney fees awarded under contractual provisions are considered damages, not costs." *Cent. Transp., Inc. v. Fruehauf Corp.*, 362 N.W.2d 823, 829 (Mich. Ct. App. 1984). He is also correct that, as a type of general damages,

"the party seeking payment [of a contractual attorney fee award] must sue to enforce the fee-shifting provision, as it would for any other contractual term." *Pransky*, 874 N.W.2d at 383. But this is exactly what State Farm did. In its initial enforcement motion (ECF No. 118, PageID.6698) and subsequent enforcement motion (ECF No. 163, PageID.8354), State Farm made a separate claim for its attorney fees and expenses pursuant to paragraphs three and twenty-five of the parties' settlement agreement. Angelo's argument, therefore, fails.

Finally, Angelo contends that, even if State Farm's motion has merit, it is premature in light of Angelo's pending appeal on the merits. (ECF No. 195, PageID.9077–78.) He urges that the best practice is allow his appeal to proceed fully on the merits to avoid piecemeal litigation. (Id.)

"[A] district court has 'options when faced with a motion for attorneys' fees filed after an appeal is taken on the merits.'" *Doe v. Univ. of Mich.*, No. 18-11776, 2020 WL 8920985, *1 (E.D. Mich. Nov. 27, 2020) (quoting *Mich. Bldg. and Const. Trades Council, AFL-CIO v. Snyder*, 11-13520, 2012 WL 1893516, at *1 (E.D. Mich. May 23, 2012)). It can rule on the claim for fees, defer its ruling on the motion, or deny it without prejudice until after the appeal has been resolved. *Id.* A decision to defer consideration is usually informed by whether the claim for fees will likely be affected by the appellate decision. *Id.* True, State Farm may be entitled to additional fees and costs as litigation on appeal continues and in defending the *qui tam* action, a concern that is not in the interest of judicial economy. But, given the Sixth Circuit's analysis when determining whether a stay should enter in this case, the court does not find an award of fees and costs so premature as to be unwarranted under the circumstances of this case.

## IV.   CONCLUSION

Accordingly, for reasons stated above, IT IS ORDERED that Plaintiff State Farm Mutual Automobile Insurance Company's "Motion for Award of Attorney Fees and Costs" (ECF No. 194) is GRANTED.

IT IS FURTHER ORDERED that State Farm shall file a bill of costs and fees for the court's review within thirty (30) days of this opinion and order.

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 14, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2023, by electronic and/or ordinary mail.

s/Kim Grimes                    /
Deputy Clerk