UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff,

v.

MICHAEL ANGELO, *et al.*,

      Defendants.
_____/

Case No: 19-10669

Honorable Nancy G. Edmunds

**ORDER DENYING MOTION TO SEAL [199]
AND DENYING MOTION TO STAY [203]**

On September 14, 2023, the Honorable Robert H. Cleland granted Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Award of Attorney Fees and Costs awarding State Farm its costs and fees incurred in connection with enforcing the parties' Confidential Settlement Agreement and Release (the "Opinion and Order Awarding Attorney Fees"). (ECF No. 197.) This case was then transferred to the undersigned. State Farm timely filed a bill of costs, albeit with redactions of certain hourly rate information, and Defendant Michael Angelo filed an appeal of the Opinion and Order Awarding Attorney Fees. (ECF No. 198; *see also* ECF No. 201.) Before the Court is State Farm's Motion for Leave to File Attorney Rate Information Under Seal (ECF No. 199) and Angelo's Motion to Stay Briefing Relating to Costs and Fees Pending Resolution of Appeals (ECF No. 203). State Farm filed a response in opposition to the Motion to Stay and Angelo filed a Reply. (ECF Nos. 204, 205.) No hearing on the motions is necessary. *See* ECF No. 7.1(f). For the reasons that follow, both motions are DENIED.

1

**I.      State Farm's Motion to Seal Attorney Rate Information in Bill of Costs**

State Farm requests permission to file under seal portions of its bill of costs that pertain to the hourly rates of its outside counsel. Specifically, State Farm states that its "fee arrangements with its outside counsel, including the three law firms that have worked on the Enforcement Proceedings, constitutes non-public, confidential, and proprietary information" that if made public could impair State Farm's and its attorneys' future "bargaining power." (ECF No. 199, PageID.9602-03.) In its publicly filed bill of costs, State Farm has redacted its outside counsel's hourly rates, the amounts requested for individual time entries, and the total amounts associated with the work performed by each individual attorney. (ECF No. 198.) The complete version of its bill of costs is attached to its motion to seal as a sealed exhibit. (ECF No. 200.) Angelo did not respond to State Farm's motion, but noted in separate briefing the difficulty he would have accurately assessing the reasonableness of State Farm's demand due to the heavy redactions. (ECF No. 205, PageID.10064-65.)

"The public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). The Eastern District of Michigan Local Rules therefore require a court order authorizing the sealing of any document that is not otherwise authorized by rule or statute to be filed under seal. E.D. Mich. L.R. 5.3(b)(1). A party may move to file a document under seal and should explain why its request is narrowly tailored. *Id.* at 5.3(b)(2). But the burden on a proponent of closure of court records is significant: "Only the most compelling reasons can justify non-disclosure of court records.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News-*

2

*Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)); *see also* E.D. Mich. L.R. at 5.3(b)(3)(C)(i) (requiring the Court to find a "compelling reason" why a document or portion thereof should be sealed). "[A] district court that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure to the public even if no party objects to their sealing." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) (citing *Shane Grp., Inc.*, 825 F.3d at 306) (quotation marks omitted).

Here, State Farm's reason for wanting to seal attorney rate information is vague and falls far short of the detailed "document by document" analysis contemplated by courts of appeals. *See Shane Grp., Inc.*, 825 F.3d at 306; *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). State Farm states only that disclosure of the redacted information "could" affect State Farm's and its attorneys' future bargaining power and have "competitive implications in the marketplace." (ECF No. 199, PageID.9603.) The Court finds this reason non-compelling as compared to the "strong presumption in favor of openness" of court records. *See Brown & Williamson*, 710 F.2d at 1179. Moreover, the Court agrees with Angelo that he needs the redacted information to be able to accurately assess whether State Farm's fee demand is reasonable. Thus, State Farm's motion is denied and State Farm is instructed to refile its bill of costs without redactions.

**II.     Angelo's Motion to Stay Pending Resolution of Appeals**

Angelo moves the Court to stay this case pending resolution of three appeals pending before the Sixth Circuit Court of Appeals, including the appeal of the Opinion and Order Awarding Attorney Fees and four other orders entered in this case. (*See* ECF Nos. 149, 157, 176, 181, and 197.)  This is Angelo's fourth motion to stay. (See ECF Nos. 151, 160, 177.) His previous motions were effectively denied. (*See* ECF Nos. 157, 161, 179,

181.) The Sixth Circuit has also denied to issue a stay of this Court's proceedings. *See State Farm Mut. Auto. Ins. Co. v. Angelo*, No. 23-1340 (6th Cir. Apr 21, 2023) (order denying stay pending appeal).

Angelo asserts that a stay of this case is appropriate because the Sixth Circuit is likely to reverse, in whole or in part, at least one of the five orders on appeal and reduce or eliminate the award granted to State Farm. (ECF No. 203, PageID.9913.) Additionally, Angelo notes a financial disparity between the parties that presents a hardship for him should he have to "expend additional resources scrutinizing and objecting to State Farm's claim to fees that may otherwise be rendered moot." (*Id.*) State Farm argues that Angelo's request follows years of contentious litigation and motion practice and is just "another installment in his years-long concerted effort to delay these proceedings and avoid his Settlement Agreement obligations." (ECF No. 204, PageID.10012.)

"A stay pending appeal is a matter of judicial discretion, 'not a matter of right.'" *Memphis A. Philip Randolph Inst. v. Hargett*, 977 F.3d 566, 568 (6th Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). The movant bears a "heavy burden of demonstrating that a stay is warranted." *Ohio State Conf. of N.A.A.C.P. v. Husted*, 769 F.3d 385, 389 (6th Cir. 2014). When considering whether a stay should be granted, courts utilize the same four factors considered for preliminary injunctions:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Consideration of a motion to stay requires that the probability of success must be balanced with the amount of irreparable injury suffered absent the stay. *Id.* at 153.

"[M]ore of one excuses less of the other." *Id.* However, "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits." *Id.* "[E]ven if a movant can demonstrate irreparable harm, he is still required to show, at a minimum, serious questions going to the merits." *Antonio v. Garland*, 38 F.4th 524, 526 (6th Cir. 2022) (internal quotation marks omitted) (quoting *Michigan Coal. of Radioactive Material Users, Inc.*, 945 F.2d at 153–54). Additionally, the movant must demonstrate that the irreparable harm it will experience absent a stay would "decidedly outweigh the harm that will be inflicted on others if a stay is granted." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

Angelo neglects to analyze the four relevant factors in his motion relying instead on an unpublished order from *Michigan Bldg. & Const. Trades Council, AFL-CIO v. Snyder*, No. 11-13520, 2012 WL 1893516, at *1 (E.D. Mich. May 23, 2012) ("*Michigan Bldg.*"). In *Michigan Bldg.*, the court considered the plaintiff's pending motion for attorney fees alongside the defendant's motion to stay proceedings to enforce the judgment pending appeal. With respect to the motion for attorney fees, the court looked to the notes to the 1993 Amendments to the Federal Rules of Civil Procedure for guidance:

> The notes to the 1993 Amendments discuss the district court's two options when faced with a motion for attorney's fees filed after an appeal is taken on the merits. The court may promptly rule on a fee request so that "any appellate review of a dispute over fees [may] proceed at the same time as a review on the merits of the case." *Id.* Or, the court may "defer its ruling on the motion, or may deny the motion without prejudice, directing ... a new period for filing after the appeal has been resolved." *Id.* The 1993 Amendments to Rule 58, Entering Judgment, explain further: Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved. However, in many cases it may be more efficient to

5

> decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.

*Michigan Bldg.* at *1–2 (citing 1993 Amendments to Fed. R. Civ. P. 54(d)(2) and Fed. R. Civ. P. 58). The court thereafter determined the best course of action under the circumstances was to dismiss plaintiff's motion for attorney fees without prejudice thereby granting a stay with respect to attorney fees only. *Id.* at *3, 6. By saving its ruling on the motion for attorney fees until after the appeal had been exhausted, the court hoped to avoid piecemeal litigation should the defendants later move to collect its attorney fees for the appeal. *Id.* at *2. As for defendant's request for a stay on the merits, defendant's motion was denied after the court considered the relevant factors. *Id.* at *4-6.

Angelo urges this Court to follow *Michigan Bldg.* and issue a stay, but this argument from Angelo has already been considered and dismissed. In the Opinion and Order Awarding Attorney Fees, Judge Cleland stated as follows after citing *Michigan Bldg.*:

> "True, State Farm may be entitled to additional fees and costs as litigation on appeal continues and in defending the qui tam action, a concern that is not in the interest of judicial economy. But, given the Sixth Circuit's analysis when determining whether a stay should enter in this case, the court does not find an award of fees and costs so premature as to be unwarranted under the circumstances of this case."

(ECF No. 197, PageID.9121.) Thus, the Court will follow Judge Cleland's decision to move forward with a determination and award of attorney fees and will not revisit this issue.

It is also worth noting that although Angelo did not specifically analyze the four factors considered by a district court when presented with a motion to stay, those factors also favor denial of Angelo's motion as detailed by Judge Cleland in his May 14, 2022 opinion denying Angelo's May 10, 2022 motion to stay. (ECF No. 161.) The Court adopts Judge Cleland's analysis here with respect to the present motion.

6

### III.     Conclusion

For the foregoing reasons, the Court DENIES both State Farm's Motion for Leave to File Attorney Rate Information Under Seal (ECF No. 199) and Angelo's Motion to Stay Briefing Relating to Costs and Fees Pending Resolution of Appeals (ECF No. 203).

Therefore, **IT IS HEREBY ORDERED** that **(1)** State Farm shall refile its bill of costs without redactions **within 21 days**; **(2)** Angelo shall be permitted to file **LIMITED objections pertaining ONLY to the reasonableness of the attorneys' rates or time spent on each matter**. <u>Any argument or objection from Angelo that falls outside what is expressly allowed here may lead the Court to strike Angelo's objections in full and award State Farm the full amount of costs and fees requested</u>. The Court will order additional briefing only if necessary and neither State Farm nor Angelo should submit additional briefing regarding the bill of costs absent court order.

SO ORDERED.

> s/ Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: January 8, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2024, by electronic and/or ordinary mail.

> s/ Lisa Bartlett
> Case Manager